## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, | ) ) ) ) ) ) ) ) ) | No. 18 C 3946  Judge  Magistrate Judge |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HUGH HENRY CONSTRUCTION, INC., a dissolved Illinois corporation, Michael Gallagher and Katherine Galvin, Individually, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendants, HUGH HENRY CONSTRUCTION, INC., Michael Gallagher and Katherine Galvin, Individually, as follows:

## JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)     Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

## PARTIES

2.     (a)     The Plaintiffs in this count are TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502 ("the Funds"), and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of ERISA and the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds which are adopted and incorporated by reference into the collective bargaining agreement.

3.     (a)     HUGH HENRY CONSTRUCTION, INC., an Illinois corporation (hereafter "HUGH HENRY"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b)     HUGH HENRY has its principal place of business at Chicago, Illinois.

2

        (c)      HUGH HENRY is an employer engaged in an industry affecting commerce.

4.      Since July 23, 2013, HUGH HENRY has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit A)

5.      By virtue of certain provisions contained in the collective bargaining agreements, HUGH HENRY is bound by the Trust Agreement establishing the Funds.

6.      Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, HUGH HENRY is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7.      Plaintiffs are advised and believe that for **October 1, 2016 through the present,** HUGH HENRY has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.      HUGH HENRY be ordered to submit to an audit for **October 1, 2016 through present**.

B.      Judgment be entered on any amounts found to be due on the audit.

C.      Plaintiffs be awarded their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and Section 502(g)(2).

D.     HUGH HENRY be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.     This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II- MICHAEL GALLAGHER AND KATHERINE GALVIN- CONVERSION

8-14. Plaintiffs repeat and reallege paragraphs 1-7 of Count I as Paragraphs 8-14 of Count II.

15.     Trustees of the Cement Masons Savings Fund, Local 502 and Cement Masons Local 502 ("Plaintiffs"), are funds and a labor organization established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

16.     This court has jurisdiction over this matter pendent to Count I.

17.     Venue is proper in this court.

18.     From on or about January, 1 2018 through the present, HUGH HENRY deducted monies from employees' wages for Savings Fund and Union Dues and withheld the monies from Plaintiffs and failed to make the payments required by the collective bargaining agreement for the deducted amounts.

19.     HUGH HENRY has withheld monies from its employees' paychecks the amount of $10,000.00 for Savings Fund and $5,000.00 for Union Dues.

20.     All monies that HUGH HENRY withheld are the exclusive property of Plaintiffs. Plaintiffs have an absolute right to possession of the monies HUGH HENRY has withheld.

21.     Plaintiffs have an unconditional right to immediate possession of the monies HUGH HENRY has deducted from wages but withheld from Plaintiffs.

22.     Plaintiffs have made multiple demands through their attorney for immediate return of the monies wrongfully withheld from the Plaintiffs. All of the demands for payment have been refused.

23.     By deducting these monies from its employees and further withholding monies from Plaintiffs, HUGH HENRY assumed improper dominion and control and ownership over property that belongs exclusively to Plaintiffs.

24.     Defendants, Michael Gallagher and Katherine Galvin (Mr. Gallagher's wife) ("Gallagher and Galvin") are the owners of HUGH HENRY and/or in control of HUGH HENRY.

25.     Gallagher and Galvin authorized the deduction of savings monies and union dues from Cement Mason employee's at all relevant times.

26.     Gallagher and Galvin exercised control over the HUGH HENRY decision not to pay over to Plaintiffs the monies deducted from employees wages.

27.     Gallagher and Galvin have continued to exercise unauthorized dominion and control over monies deducted from Cement Mason employees.

28.     Gallagher and Galvin have converted the deducted monies and continue to exercise unauthorized control over the deducted sums.

29.     Plaintiffs have been damaged in the amount wrongfully deducted and improperly withheld.

WHEREFORE, Plaintiffs pray that this court enter judgment for Plaintiffs against Michael Gallagher and Katherine Galvin (Mr. Gallagher's wife) in the amount of $15,000.00.

5

Respectfully submitted,

TRUSTEES OF THE CEMENT MASONS
PENSION FUND, LOCAL 502, et. al.


By: s/ Donald D. Schwartz
        One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415